Estelle **SINGLETARY**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES/NC INFANT TODDLER PROGRAM; Deborah Carroll, Branch Head; Phillip R. Dixon, Hearing Officer.**

No. 5:11–CV–307–BO.

United States District Court,
E.D. North Carolina,
Western Division.

March 1, 2012.

Estelle Singletary, Fayetteville, NC, pro se.

Mabel Y. Bullock, Donna D. Smith, N.C. Dept. of Justice, Raleigh, NC, for Department of Health and Human Services/NC Infant Toddler Program; Deborah Carroll, Branch Head; Phillip R. Dixon, Hearing Officer.

### ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss [DE 21], and Plaintiff's Motion for Joinder [DE 24] and Motion to Amend Complaint [DE 26]. Plaintiff's Motion to Amend Complaint is ALLOWED. Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion for Joinder is DENIED WITHOUT PREJUDICE.

### BACKGROUND

Ms. Singletary alleges that the North Carolina Infant–Toddler Program has failed to provide her, as a parent, with

procedural safeguards to protect her child's rights under the Individuals with Disabilities Education Act ("IDEA"). She specifically alleges that Defendants failed to include her as part of the team involved in reviewing her child's individualized family service plan ("IFSP"); failed to provide her with prewritten prior notice and a due process hearing; failed, at the hearing provided, to provide an impartial and just forum; and failed to provide a licensed therapist, a dynamic plan, and increasing independence for her child. Ms. Singletary seeks to have the IDEA "amended or taken away," to have an aid provided to assist her child during school hours, to be reimbursed for travel to Duke University for continued parent training, and to have home adjustments or compensation therefor to better assist her child's daily living.

Defendants seek (1) to dismiss claims against the North Carolina Department of Health and Human Services based on sovereign immunity, (2) to dismiss claims against Deborah Carroll, in her individual capacity, because Ms. Singletary has failed to state a claim upon which relief can be granted, (3) to dismiss claims against Deborah Carroll, in her official capacity, because she is not a person within the meaning of 42 U.S.C. § 1983 and is entitled to Eleventh Amendment immunity, (4) to dismiss claims against Deborah Carroll and Phillip R. Dixon in their individual capacities because both are entitled to qualified immunity, (5) to dismiss claims against Phillip R. Dixon in his individual capacity because Ms. Singletary has failed to state a claim upon which relief can be granted, (6) to dismiss claims against Phillip R. Dixon, in his official capacity, on the grounds of Eleventh Amendment immunity, and (7) to dismiss claims against Phillip R. Dixon, in his individual and official capacities, on the grounds of judicial immunity.

## DISCUSSION

### IDEA

The IDEA, 20 U.S.C. § 1400 *et seq.* (2004), is a Spending Clause statute that seeks to ensure that "all children with disabilities have available to them a free appropriate public education." § 1400(d)(1)(A); *Schaffer v. Weast,* 546 U.S. 49, 51, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005). In 1986, the IDEA was amended to provide additional coverage for infants, toddlers, and preschoolers under the age of three (Part C).

A statewide system designed to implement IDEA under 20 U.S.C. § 1435(a)(13) must provide: meaningful inclusion in the child's IFSP review, prewritten prior notice of meetings and proposed actions by the school, and the timely administrative resolution of complaints. 20 U.S.C. § 1439. In order to enforce these rights, "any party aggrieved by the findings and decision regarding an administrative complaint shall have the right to bring a civil action with respect to the complaint ... in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1439(a)(1). Under the North Carolina Administrative Code ("NCAC"), the North Carolina Department of Health and Human Services administers the statewide Early Intervention Program under Part C of the Individuals with Disabilities Education Act ("IDEA").

### Motion to Amend

Ms. Singletary seeks to amend her complaint to include allegations against Ms. Carroll in her official capacity. Because Ms. Singletary filed her motion within the time permitted for amending as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), her Motion to Amend is ALLOWED.

## Motion to Dismiss

### I. Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Amendment was extend to citizens of the same state by the Supreme Court in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

A state may constructively waive its Eleventh Amendment immunity by voluntarily accepting federal funds when Congress expresses a clear intent to condition receipt of those funds on a state's consent to waive its Eleventh Amendment immunity. *See Sossamon v. Texas,* — U.S. —, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011); *South Dakota v. Dole,* 483 U.S. 203, 207–08, 107 S.Ct. 2793, 97 L.Ed.2d 171 (1987). In order for a state's conditional waiver of immunity to be considered valid, it must be "unequivocally expressed" in the text of the relevant statute. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98–99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). As recently noted by the United States Supreme Court, "a waiver of sovereign immunity 'will be strictly construed, in terms of its scope, in favor of the sovereign.'" *Sossamon v. Texas,* — U.S. —, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (citing *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)).

The IDEA provides that "a State shall not be immune under the 11th amendment to the Constitution of the United States from suit in Federal court for a violation of this chapter." 20 U.S.C. § 1403. Neither the Supreme Court nor the Court of Appeals for the Fourth Circuit has yet addressed the question of whether the waiver of immunity present in the IDEA is valid. However, the Supreme Court found the waiver language crafted by Congress in the Rehabilitation Act—language that is almost identical to that of the IDEA—to be valid and unequivocal. *Lane,* 518 U.S. at 198, 116 S.Ct. 2092. There, the relevant statute provides that "a State shall not be immune under the Eleventh Amendment ... from suit in Federal court for a violation [of the statute] ... [and] remedies ... are available ... to the same extent as ... against any public or private entity other than a State." *Id.* (quoting 42 U.S.C. § 2000d–7(a)). At least five circuits to have considered the question have held that the IDEA validly conditions states' receipt of federal funds on their waiver of Eleventh Amendment immunity. *Diaz–Fonseca v. Puerto Rico,* 451 F.3d 13, 33 (1st Cir.2006); *Pace v. Bogalusa City School Bd.,* 403 F.3d 272, 280–81 (5th Cir. 2005); *M.A. ex rel. E.S v. State–Operated School Dist.,* 344 F.3d 335, 351 (3d Cir. 2003); *Oak Park Bd. of Educ. v. Kelly E.,* 207 F.3d 931, 935 (7th Cir.2000); *Bradley v. Arkansas Dep't of Educ.,* 189 F.3d 745, 753 (8th Cir.1999). Defendants have provided no argument on this issue.

Because the Court views the terms of this conditional waiver to so closely resemble the language approved by the Supreme Court in *Lane,* the Court holds that the IDEA'S waiver of sovereign immunity is valid and unequivocal. Therefore, Defendants' Motion cannot succeed on the grounds of Eleventh Amendment immunity as regards the claims against the North Carolina Department of Health and Human Services and Phillip R. Dixon in his official capacity.[1]

---

1. It should be noted that Defendants, in their

Motion to Dismiss, did not address the suffi-

As to Deborah Carroll, Defendants argue that she is not a person within the meaning of 42 U.S.C. § 1983 and is entitled to Eleventh Amendment immunity. It is true that, as to her official capacity, the suit against Ms. Carroll is truly a suit against Ms. Carroll's office, and she is therefore not a "person" under section 1983 for purposes of recovering money damages. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). However, suits pursuant to section 1983 are not permitted for recovery of violations of the IDEA. *J.S. ex rel. Duck v. Isle of Wight County School Bd.,* 402 F.3d 468, 479 (4th Cir.2005) (noting that "IDEA's comprehensive remedial scheme 'demonstrated Congress' intent that disabled children pursue claims to a free appropriate public education solely through the remedial mechanisms established by the statute.'" (quoting *Sellers v. School Bd. of Manassas,* 141 F.3d 524, 529 (4th Cir.1998))). As discussed above, Ms. Carroll is not entitled to Eleventh Amendment immunity.

### II. Quasi–Judicial Absolute Immunity

Defendants contend that Phillip R. Dixon, in his official and individual capacity, is entitled to absolute immunity as a hearing officer designated by the Early Intervention Branch of the Division of Public Health of the State of North Carolina. The United States Supreme Court, in *Butz v. Economou,* has held that absolute immunity attaches to certain members of the executive branch when their role in administrative adjudicatory proceedings is functionally comparable to that of a judge. 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). This immunity extends to state officials. *Pierson v. Ray,* 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). For this immunity to arise, the proceeding must possess many of the same safeguards available in the judicial process. *Segarra v. McDade,* 706 F.2d 1301, 1304 (4th Cir.1983). Although absolute immunity is available to administrative hearing officers in some instances, the Supreme Court has held that this immunity is not without limitation. For example, in *Cleavinger v. Saxner,* the Court denied absolute quasi-judicial immunity to a prison Discipline Committee. 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Even though committee members hear testimony, receive and weigh evidence, evaluate credibility, and render a decision, they are not professional hearing officers, but prison officials temporarily diverted from their usual duties. As such, they are not "independent," but rather peers of those who file complaints and subordinates of the reviewing warden. *Id.* at 203–04, 106 S.Ct. 496. In *Cleavinger,* the Court pointed to six factors that are characteristic of the judicial process and are to be considered in determining whether individuals are entitled to absolute, rather than qualified, immunity: (a) the need to assure that the individual can perform his functions without harassment or intimidation, (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct, (c) insulation from political influence, (d) the importance of precedent, (e) the adversary nature of the process, and (f) the correctability of the error on appeal. 474 U.S. at 201–02, 106 S.Ct. 496

As set forth in the North Carolina Infant–Toddler Program Notice of Rights, a hearing officer (1) cannot be an employee of the CDSA or one of its enrolled provid-

ciency of the complaint under Federal Rule of Civil Procedure 12(b)(6) as to the North Carolina Department of Health and Human Ser-

vices. As a result, the Court does not address that affirmative defense as to this defendant.

ers; (2) cannot have a personal or professional interest that conflicts with the person's objectivity in the hearing; (3) must possess knowledge of the provisions of the program, federal and state regulations, and legal interpretations; (4) must have the ability to conduct hearings in accordance with standard legal practice; and (5) must have the ability to render and write decisions in accordance with standard legal practice. The Notice of Rights additionally provides that parents have the right to be accompanied and advised by a lawyer (at their expense); the right to present evidence and confront, cross examine, and compel the attendance of witnesses; the right to prohibit the introduction of any evidence not disclosed at least five days before the proceeding; the right to a written or electronic transcript of the proceeding; and the right to obtain written findings of fact and decisions.

■ Unlike the prison disciplinary committee in *Cleavinger*, hearing examiners appointed by the Division of Public Health are cloaked with greater assurances of impartiality—they are not employees of the agency and they may not preside in cases in which they have a personal or professional conflict. Any unconstitutional conduct that takes place is reviewable in federal court. Although the hearing is not, strictly speaking, adversarial, it does possess the hallmarks of adversarial protection—namely entitlement to discovery, ability to compel witnesses, and ability to cross-examine witnesses. Because Mr. Dixon's role in the administrative process is substantially similar to that of the administrative hearing officers in *Butz*, the Court finds that he is entitled to quasi-judicial absolute immunity in the performance of his duties.

Ms. Singletary alleges only that she "did not feel that [her due process hearing] was impartial and that the outcomes were con-

cluded were not just." Because Ms. Singletary's allegations against Mr. Dixon attack his conduct within the scope of his duties as a hearing officer, Mr. Dixon is entitled to absolute immunity and Ms. Singletary's claims against him are DISMISSED. Because Mr. Dixon is entitled to absolute immunity, the Court does not address his affirmative defenses of qualified immunity or for failure to state a claim upon which relief can be granted.

### III. Failure to State A Claim Upon Which Relief Can Be Granted

Defendants have filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against Ms. Carroll for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1973. In her amended complaint, Ms. Singletary alleges that Ms. Carroll "allowed staff members from Raleigh to with hold [sic] records until less than 24 hours before the due

process hearing," "allowed her staff members to send the Plaintiff to the wrong place for a due process hearing," and "did not schedule an alternative hearing for the Plaintiff." She claims that Ms. Carroll "was fully aware of the time lines and prevented" Ms. Singletary from timely resolving her claim [DE 26–1].

■ Liberal construction is afforded *to pro se* pleadings. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, a district court is not required to "conjure up questions never squarely presented." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985). Even if Ms. Carroll allowed her staff to withhold records from Ms. Singletary, that action would not be sufficient to constitute a violation of the IDEA. The IDEA provides that a parent has the right to request that a hearing officer prohibit the introduction of any evidence at the hearing that had not been disclosed to the parent at least five days before the first day of the scheduled hearing. The proper remedy for Ms. Singletary, assuming that Ms. Carroll did withhold records, would have been to request that Mr. Dixon exclude the withheld records from consideration at the hearing. Further, Ms. Singletary does not provide support for her allegations that she was sent to the wrong place for a due process hearing or that an alternative hearing was not scheduled. The written findings of fact and conclusions of law from the underlying due process hearing in this case demonstrate that the hearing took place and that both parties were present. Lacking a facially plausible claim to relief against Ms. Carroll, the claims against her must be DISMISSED. Given that Ms. Singletary fails to state a claim upon which relief can be granted as to Ms. Carroll, the Court does not address Ms.

Carroll's affirmative defense of qualified immunity.

### Motion for Joinder

Federal Rule of Civil Procedure 18 permits joinder of "as many claims as [a plaintiff] has against an opposing party." However, Ms. Singletary's motion is difficult to understand as it asserts "First Claim File No. 11–D–335 Decision granted on the 26, May 2011. The second claim which has no file number was granted on 22, 2011 with the option of bringing procedure in Federal court" [DE 24]. Because the motion does not clearly articulate the claims that Ms. Singletary wishes to join with the instant matter, it is DISMISSED WITHOUT PREJUDICE, with permission to refile a motion for joinder that more clearly specifies the claims she seeks to join.

### *CONCLUSION*

For the foregoing reasons, Ms. Singletary's Motion to Amend [DE 26] is ALLOWED. She is DIRECTED to file a copy of the Amended Complaint [DE 26–1] with the Clerk of Court within ten days of the date of this Order. Defendants' Motion to Dismiss [DE 21] is GRANTED IN PART AND DENIED IN PART. Although Ms. Singletary's claims against Ms. Carroll and Mr. Dixon, in both their individual and official capacities are DISMISSED, her claims against the North Carolina Department of Health and Human Services are permitted to proceed. Ms. Singletary's Motion for Joinder [DE 24] is DISMISSED WITHOUT PREJUDICE.